BENJAMIN NAZMIYAL LAW GROUP, P.C.
209 Main Street, Suite 2
Fort Lee, New Jersey 07024
Telephone- 201.379.5507
Facsimile- 201.849.5074
pbedi@bnazlawgroup.com
Attorneys for Plaintiffs,
*Salvador Alcantara and all*
*others similarly situated*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVADOR ALCANTARA, on behalf of himself and all others similarly situated, | Civil Action No. |
| Plaintiff(s), | |
| v. | |
| MARTIN SMITH, ESQ., doing business as SMITH MARTIN, P.C., | |
| Defendant(s). | |

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

Plaintiff SALVADOR ALCANTARA ("ALCANTARA"), on behalf of himself and all others similarly situated, by and through their undersigned attorneys, allege against the above-named Defendant, MARTIN SMITH, ESQ. d/b/a SMITH MARTIN, P.C. ("SMITH"), their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of Defendant who used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect debts allegedly owed to Jackson Capital, Inc. by Plaintiff and members of the class he seeks to represent.

2. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.

4. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the

standpoint of the "least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111n5 (3d Cir. 1991).

6. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

7. The FDCPA creates no exceptions for attorneys of the laws applicable to all debt collectors – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins*, 514 U.S. 291 (1995). Thus, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005) (emphasis added).

8. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading representations or means in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

9. Among those per se violations are making false representations or implications that any individual is an attorney or that any communication is from an attorney. 15 U.S.C. § 1692e(3). A complaint filed under an attorney's name when there has been no meaningful attorney involvement in the preparation of the complaint violates 15 U.S.C. §1692e(3) as there is a false representation that an attorney was meaningfully involved.

10. Plaintiff, on behalf of himself and all others similarly situated, seeks actual and statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory and actual damages payable by Smith.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1367. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

12. Venue is proper in this district under 28 U.S.C. § 1331(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

13. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector," are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

14. Plaintiff, ALCANTARA, is a natural person who at all relevant times resided in the State of New Jersey, County of Passaic, City of Paterson.

15. Defendant SMITH is a for-profit law firm existing pursuant to the laws of the State of New Jersey. SMITH maintains its principal business address at 1119 Springfield Road, Union, New Jersey 07081.

## FACTUAL ALLEGATIONS

16. Defendant has alleged that, sometime prior to August 21, 2012, ALCANTARA incurred a financial obligation ("ALCANTARA DEBT") to Citibank South Dakota, N.A./Home Depot.

17. Defendant has alleged that Jackson Capital, Inc. ("JACKSON"), a New Jersey for-profit corporation, purchased the ALCANTARA DEBT.

18. Defendant has alleged that the ALCANTARA DEBT is in default.

19. ALCANTARA never incurred any debts in connection with a business or commercial activities and, therefore, the ALCANTRA DEBT, if truly an obligation owed by him, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

20. The ALCANTARA DEBT is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. ALCANTARA is, at all relevant times to this complaint, a "consumer" as defined by 15 U.S.C. § 1692a(3).

22. JACKSON purchased defaulted debt and collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using U.S. Mail, telephone, and/or internet.

23. In connection with its debt servicing operations, JACKSON outsources collection activities to other collection agencies such, such as SMITH.

24. JACKSON retained the services of SMITH to attempt to collect the ALCANTARA DEBT.

25. SMITH collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and/or internet.

26. SMITH is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. At all times relevant to the collection of the ALCANTARA DEBT, there existed a principal-agent relationship wherein SMITH acted as an agent for its principal, JACKSON.

28. At all times relevant to the collection of the ALCANTARA DEBT, SMITH was an agent for JACKSON, acting within the course and scope of its employment, and was under the direct supervision and control of JACKSON.

29. As the principal and a debt collector, JACKSON is vicariously liable for the illegal collection activities of the other debt collection companies and collectors such as SMITH who work on behalf of JACKSON to collect debts from consumers like ALCANTARA

30. In an attempt to collect the ALCANTARA DEBT, SMITH sent ALCANTARA a letter dated August 21, 2012 ("ALCANTARA LETTER"). Attached hereto as <u>Exhibit A</u>.

31. The ALCANTARA LETTER is written on the letterhead of MARTIN SMITH, ESQ.

32. On the ALCANTARA LETTER, SMITH writes in bold letters:

"**Please be advised that I am the attorney for the above current creditor**."

33. By the above statement in bold text, the "least sophisticated consumer" would have perceived that the ALCANTARA LETTER was the work product of a licensed attorney who has conducted a meaningful review and investigation of, *inter alia*, the particular circumstances and reached a reasoned professional judgment about the validity of the ALCANTARA DEBT and the authority to demand the same.

34. No licensed attorney was directly or personally involved in reviewing materials sufficient to make a professional judgment as to the validity of the ALCANTARA DEBT.

35. The ALCANTARA letter falsely implies that SMITH was directly or personally involved in reviewing the materials sufficient to make a professional judgment as to the validity of the ALCANTARA DEBT.

36. Ironically, the ALCANTARA LETTER goes on to state "At this time no attorney with the firm has reviewed the particular circumstances of your account."

## CLASS ACTION ALLEGATIONS

37. Plaintiffs bring this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of themselves and all consumers and their successors in interest (hereinafter the "Class"), who have received debt collection letters and/or notices from SMITH which are in violation of the FDCPA, as described in this Complaint.

38. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collections letters and/or notices from SMITH that contained at least one of the alleged

      violations arising from the Defendant's violations of 15 U.S.C. 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

39. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the SMITH that violate specific provisions of the FDCPA. Plaintiffs are complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether SMITH is a debt collector.
    b. Whether SMITH violated various provisions of the FDCPA;
    c. Whether Plaintiff and the Class have been injured by the conduct of SMITH;
    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of SMITH's wrongdoing and if so, what proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      e.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other member of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrong complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain proceeds of their ill-gotten gains.

- Defendant has acted on grounds that generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et. seq.*

40. Plaintiffs incorporate by reference paragraphs 1-39.

41. Defendant violated Sections 1692e(3), e(10) and 1692j of the FDCPA by using its title and status as a lawyer and law firm to make false, deceptive or confusing statements or forms to consumers.

42. Defendant violated Sections 1692d, 1692e(3), e(5), e(10), and 1692f, of the FDCPA by using the authority and credibility created by its letterhead to collect debts and/or convey the threat of litigation, without any meaningful attorney review of the consumer's account.

43. Defendant violated Sections 1692d, 1692f, and 1692g of the FDCPA by using its position and title as a law firm in order to create a false sense of heightened urgency and intimidation in its collection practices, without any meaningful attorney review of the consumer's account.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A;

(2) Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3);

(3) Such other or further relief s the Court deems proper.

                                                                BENJAMIN NAZMIYAL LAW GROUP, P.C.
                                                                Attorneys for Plaintiff,
                                                                *Salvador Alcantara and all*
                                                                *others similarly situated*

Dated:  Fort Lee, New Jersey        s/ Prabhkaran S. Bedi
        August 15, 2013               Prabhkaran S. Bedi

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

                                                               s/ Prabhkaran S. Bedi
                                                               Prabhkaran S. Bedi